UNITED STATES BANKRUPTCY COUT
DISTRICT OF KANSAS

IN RE:

| | |
|---|---|
| **CARSON KOBER** ) | |
| a/k/a CARSON KOBER MAZURKIEWICZ ) | |
| XXX-XX-7680 ) | **Case No: 20-40353** |
|     Debtor ) | |
| ) | |
| ) | |
| **CARSON KOBER** ) | |
| a/k/a CARSON KOBER MAZURKIEWICZ ) | |
|     Plaintiff. ) | **Adv. Case No.:** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| UNITED STATES DEPARTMENT OF EDUCATION ) | |
|   An Agency of the United States of America ) | |
| ) | |
| And, ) | |
| ) | |
| **NAVIENT** ) | |
|   A Delaware Corporation ) | |
|     Defendants. ) | |

## ADVERSARY COMPLAINT

**COMES NOW** the Plaintiff, **Carson Kober a/k/a Carson Kober Mazurkiewicz**, Debtor, by and through her attorney, Brenda J. Bell of **Brenda J. Bell P.A.** and for her Complaint to Determine that the Debtor's student loans are dischargeable, states as follows:

1. Plaintiff is an individual who filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on the 7th day of May 2020.

2. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. 1335 and 157.

3. This matter is a core proceeding under 28 U.S.C. 157 (b)(2)(i).

4. This adversary proceeding is being brough pursuant to FRBP 701 (6) and 11 U.S.C. 523 (a)(8)(A and B).

5. Venue is appropriate in the District of Kansas, pursuant to 28 U.S.C. 1409(a).

6. The Defendant, **United States of America and United States Department of Education,** are Agencies of the United States of America**,** can be served by serving this Petition and Summons on the following at the following addresses:

    a.    The office of the United States Attorney
           Robert J. Doe U.S. Courthouse, Ste. 360
           500 State Avenue
           Kansas City, Kansas 66101

    b.    Office of the United States Attorney
           U.S. Courthouse, Ste. 290
           444 Southeast Quincy Street
           Topeka, Kansas 66683

    c.    Office of the United States Attorney
           1200 Epic Center
           301 North Main
           Wichita, Ks. 67202

    d.    Department of Education
           Office of the General Counsel
           400 Maryland Ave SW Room 6E353
           Washington DC 20202-2110

7. The Defendant, **Navient,** is a Delaware Corporation whose resident agent is **Corporation Service Company at 2711 Centerville Road, Suite 400, County of New Castle, Wilmington, Delaware, 19808.** This Defendant can also be served this Petition and Summons at the following addresses;

    a.    Navient
           PO Box 9655
           Wilkes Barre, PA 18773-9655

## I. SUMMARIZED BACKGROUND ALLEGATIONS

1. Beginning in 2005 forward during the Debtor/Plaintiff's college education, she borrowed some of the sums listed herein and some were borrowed by her ex-spouse and those are now as follows:

| | | | | |
|---|---|---|---|---|
| a. | Navient | 04/05/2005 | $79,169.00 | (Acct. 974548) |
| b. | Dept. of Ed/Navient | 09/15/2011 | $806.00 | (Acct. 908117) |
| c. | Dept. of Ed/Navient | 09/12/2016 | $24,051.00 | (Acct. 908117) |
| d. | Dept. of Ed/Navient | 09/19/2017 | $11,716.00 | (Acct. 908117) |

the Debtor/Plaintiff, in an effort to pay her student loan indebtedness, consolidated her loans with the loans of her ex-spouse while they were married. Debtor received no educational benefit for her ex-spouse's student loan and those loans should be discharged on grounds that they provided her with no educational benefits and she is not liable for such loan.

2. Pursuant to 11 U.S.C. 523 (a)(8)(A) and (B), a loan for educational benefit, overpayment, or loan made insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to repay funds received as an educational benefit, scholarship, or stipend; or any other educational loan that is a qualified education loan, as defined in section 221 (d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual is non-dischargeable unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents.

3. Excepting such loans from discharge, in this action, would impose an undue hardship on the debtor on the following grounds:

A. Debtor cannot maintain based on current income and expenses a "minimal standard of living" for herself and her dependents, if forced to repay the student loans described herein, and;

B. Additional circumstances exist which indicate that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans, and;

C. Debtor has made good faith efforts to repay the loans.

WHEREFORE, the Debtor/Plaintiff prays for an order of the Court determining that the Debtor/Plaintiff's debt to these defendants for student loans are discharged in part because they were for her spouse's educational benefit and that any sums that were for her educational benefit are not excepted from discharge, pursuant to 11 U.S.C. 523 (a)(8)(A) and (B), on grounds of undue hardship as stated above in par. A, B, and C, and for all such other and further relief as the Court deems just and equitable under the circumstances.

**PREPARED AND SUBMITTED BY:**

/s/ Brenda J. Bell
Brenda J. Bell, #13653
**Brenda J. Bell, P.A.**
103 South 4th Street, Ste. 215
Manhattan, KS 66502
785-539-1300 phone
785-539-1685 fax
Attorney for Plaintiff